(76 South. 159)

No. 22508.

AZAR v. KHALID.

(June 30, 1917.)

*(Syllabus by the Court.)*

DIVORCE ⬥⟞215—SEPARATION FROM BED AND BOARD—ALIMONY PENDENTE LITE—AMOUNT.

A husband, party to a suit for separation from bed and board, who "knows" that he and his family, consisting of a wife and three children, can live "splendidly" together on $30 or $35 a month, but who, admitting his income to be $60 a month (and in reality probably more than that), denies that he can spare anything for their support, should, upon the same basis, be able to spare more than $20 a month when he admits (or his counsel admit) that he is able to pay that much.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 632–634.]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Suit by James A. Azar against Rosa Khalid, his wife, for separation, in which the wife sought the same relief in reconvention. From a judgment condemning plaintiff to pay alimony for maintenance of wife and child during pendency of suit, he appeals. Judgment amended by reducing the amount of alimony, and affirmed.

Medlenka & Bruner, of Crowley, for appellant. Chappuis, Holt & Chappuis, of Crowley, for appellee.

MONROE, C. J. This is an appeal by plaintiff from a judgment rendered March 28, 1916, condemning him to pay alimony at the rate of $60 per month for the maintenance of his wife and three children during the pendency of this suit, in which he demands a separation from bed and board for alleged abandonment, and she makes a like demand in reconvention for alleged cruel treatment. After the judgment was rendered defendant ruled plaintiff to show cause why he should not be punished for not complying therewith, and all the testimony that we find in the record seems to have been taken for the purposes of that rule, which, after hearing, on June 2, 1916, was dismissed; "the court considering that the defendant in rule had completely purged himself of the charge of contempt."

Plaintiff's witnesses seem to think that (when the rule was tried) he was making about $75 a month. He testified that he was making $60 a month (as an eye, ear, nose, and throat specialist), and that he could not have spared more than $4, $5 or $10 for the support of his family, and as the judgment had condemned him to pay $60, and he understood it to be that or nothing, he paid nothing; and his cross-examination then proceeds as follows:

"Q. Do you not think that you could have come before this court with better grace had you raised $30 a month and sent it? A. I was not asked to do that; I did not know that I had to do it. Q. Could you pay $30 a month. It seems like you do not understand; could you pay $30 a month to your wife and children? Please answer my question 'Yes' or 'No.' (And at that time a light seemed to dawn upon the witness, and he began to understand, as appears from the following:) A. No, sir. Q. Can you pay $25 a month? A. No, sir. Q. Can you pay $10 a month, then? A. No, sir."

Elsewhere he says:

"I am paying $30 a month board and laundry, and with a little extra we could manage to live [meaning that if his wife and three children would return to him, the eldest of the children being a boy of 14]. It did not cost over $30 to live. It is simply that—it is so simple that any one can understand it—a man by himself spends more money on himself; it is so. I do not drink, or gamble, or do anything that costs money, and to have my family it would cost very little more. I can tell you that $35 or $30 will support a family splendidly. I know that we never did spend that."

The only witness called on behalf of defendant (plaintiff in the rule for alimony) was her mother, a widow with whom defendant and her children live, and she had but little knowledge of plaintiff's affairs; in fact, plaintiff himself was the only witness who was really informed upon that subject, and he impresses us as being disingenuous. His counsel in their brief state his position to be that his wife is not entitled to alimony, because:

"First. She alleges in her reconventional demand that the cruelty with which she charges her husband was condoned by a subsequent reconciliation (a position we notice only to say that it does not appear to be well founded), and

"Second. That, if any alimony is due defendant's wife, the amount allowed by the court is excessive, entirely beyond the earning capacity of plaintiff, and should at least be reduced to an amount not to exceed $20 per month; and even this amount at the time the alimony was granted plaintiff could not pay, as shown by the testimony on the rule and in the contempt proceedings."

From which it would appear to be a fair inference that, though plaintiff could not pay $20 a month, in March, 1916, he is able to do so now. If, however, he was earning $60 at that time, and could pay nothing, and is now able to pay $20, his fortunes must have improved, and, as he says that he knows that he and his family can live "splendidly" on $30 or $35 a month, it appears to us that he might now spare a little more than $20 to his family.

It is therefore ordered that the judgment appealed from be amended by reducing the amount which plaintiff shall pay for the support of his wife and children from $60 to $30 per month. It is further ordered that plaintiff pay all costs.